UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MILAINE MARRERO,

       Plaintiff,

vs.

AMAZON.COM SERVICES LLC, a foreign
limited liability company,

       Defendant.

_____/

## COMPLAINT

      Plaintiff, MILAINE MARRERO, (hereinafter "Plaintiff") by and through her undersigned

attorney hereby sues Defendant, AMAZON.COM SERVICES LLC, a foreign limited liability

Company (hereinafter "Defendant"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices

   committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of

   Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans

   with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA)

   42 U.S.C. §§ 12101 *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

   ("FMLA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff

   was employed in the Southern District of Florida by Defendant, because the acts that give rise

to Plaintiff's claims occurred within the Southern District of Florida, and because Defendant is subject to personal jurisdiction there.

4. Plaintiff has met all conditions precedent to the maintenance of this action or said conditions have been waived.

## PARTIES

5. Plaintiff, at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a member of a class protected under the ADA, and ADAAA, in that she is a person with a disability as defined by those Acts.

7. Plaintiff is a member of a class protected under the ADA, ADAAA and Title VII because she made requests for accommodation to Defendant and was terminated thereafter.

8. Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her request for leave. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

9. Defendant is a foreign corporation organized and existing under and by virtue of the laws of Delaware and authorized to do business in Florida. Plaintiff worked with the Defendant at its facility located in Miami-Dade, Florida (MIA1) and all the actions complained of herein took place within the Southern District of Florida.

10. Defendant has, at all times material, employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with 29 U.S.C. § 2611(4)(A)(iii) ,Title VII, the ADA, ADAAA, (42 U.S.C. §2000e(b).

11. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission.

12. Plaintiff's Charge was filed on or about July 22, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

13. Plaintiff was issued a Notice of Right to Sue on <u>December 27, 2022</u>. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS RELATED TO ALL COUNTS

15. Plaintiff worked for the Defendant at its MIA1 facility continuously from on or around January 6, 2020, through June 10, 2021, as a fulfillment associate. At all times, Plaintiff was employed in a full-time capacity.

16. As a fulfillment associate, Plaintiff was charged with offloading stock deliveries, processing work orders, and packaging orders for distribution.

17. Based on Plaintiff's tenure with the company, positive performance and positive work history through her employment, Plaintiff was fully qualified for her position at the time all events complained herein occurred.

18. On April 30, 2021, Plaintiff requested and was approved for, medical leave- either through Family Medical Leave Act or through Defendant's own internal policies – for her own serious health condition – to wit: Periodontitis, a serious gum infection that damages the soft tissue and, without treatment, can destroy the bone that supports the person's teeth. Periodontitis can cause teeth to loosen or lead to tooth loss.

19. Plaintiff underwent surgery on May 14, 2021. Plaintiff's dentist placed her on a strict blend diet and told her that she had to avoid any strenuous physical activities.

*Page 3*

20. On or about May 24, 2021, Amazon's Disability and Leave Service team notified Plaintiff that she had been approved for FMLA leave and the same will be processed retroactively from May 14, 2021, through May 28, 2021 (2 weeks).  The "Decision Notification" letter from Defendant informing her of the approval for leave and that she was to return to work on May 29, 2021, but if the date were to change, she had to contact them to request an extension.

21. On May 25, 2021, Plaintiff contacted Defendant via phone and advised Defendant that she was pending clearance from her doctor to return to work. Because the nature of Petitioner's job description, Plaintiff required additional leave.

22. On May 28, 2021, Plaintiff submitted all the paperwork in support of her request for additional leave until June 18, 2021 (an additional 3 weeks).

23. From May 25, 2021, until June 2, 2021, Plaintiff made several calls to Amazon. Plaintiff explained that she was undergoing treatment and was scheduled for an additional surgery. Plaintiff supplied Defendant with several notes from her doctor outlining her specific requests: not only for leave, but also with details of her limitations. Defendant assured Plaintiff no other information was required.

24. On June 10, 2021, Plaintiff received a notification from Defendant stating that Plaintiff had three unexcused absences during the period between May 29, 2021 and June 10, 2021. In that letter, Defendant stated that Plaintiff was terminated for "job abandonment."

25. Defendant failed to accommodate Plaintiff's request for additional leave and was terminated as a result.

26. Prior to her leave, Plaintiff was not previously disciplined nor was advised that she would be risking termination.

27. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

28. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability or perceived disability, and/or request for accommodation were motivating factor(s) in the decision for the adverse employment action(s).

29. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

30.      Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

**COUNT I**
**VIOLATION OF THE FMLA**
**(INTERFERENCE)**

31. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-30 above as though the same were fully set forth herein.

32. This is an action under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for interference in violation of 29 U.S.C. § 2615(a)(1).

33. Plaintiff was eligible for FMLA leave due to her serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D). She requested leave pursuant to the statute on or about May 5, 2020 and submitted all required paperwork on or about May 18, 2020

34. Plaintiff gave sufficient notice to her employer of her need for leave under the FMLA and provided all necessary paperwork. She requested leave pursuant to the statute and provided all the information required by Defendant.

35. Under the FMLA, 29 U.S.C. § 2615(a), Plaintiff had the right to take up to twelve (12) workweeks of leave under the Act. Unlawful employer interference includes not only refusing to authorize FMLA leave, but also "discouraging an employee from using such leave." 29 C.F.R. § 825.220(b).

36. On or about June 16, 2020, Defendant informed Plaintiff that she was scheduled to return May 29, 2021. Unable to do so, Plaintiff requested additional leave from May 29, 2021 to June 14, 2021 (additional three weeks)

37. Defendant interfered with Plaintiff's rights when it failed to process Plaintiff's request for leave.

38. As a direct result of Defendant's interference, Plaintiff has suffered, a loss of wages and benefits. Specifically, on June 10, 2021 Plaintiff's employment was terminated.

39. When Defendant terminated Plaintiff, Defendant further interfered with Plaintiff's right to her position (or its equivalent) and thus violated the FMLA.

40. As a direct result of her termination, Plaintiff has suffered, and will continue to suffer, a loss of wages and benefits

41. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a)

42. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

43. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendants.

44. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff requests judgment for:

    A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. §2617;

C.  Interest on the amount found due;

D.  Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E.  Plaintiff's costs of suit herein together with reasonable attorney's fees incurred in this action; and

F.  Such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF FMLA
## (RETALIATION)

45. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-30 above as though the same were fully set forth herein.

46. This is an action under the Family Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

47. Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her for her serious medical condition. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

48. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

49. From May 25, 2021until June 2, 2021, Plaintiff was in constant communication with the Defendant and provided all paperwork requested by Defendant to extend her leave for an additional three weeks as stated above.

50. Plaintiff gave sufficient notice to her employer of her need for leave and provided all necessary paperwork.

51. On or about June 10, 2021, Plaintiff was terminated. Plaintiff's termination constitutes an adverse employment action.

52. The fact that Plaintiff requested leave was a "protected activity" under the FMLA.

53. Plaintiff's leave request was, at minimum, a motivating factor in Defendant's decision to terminated Plaintiff's employment.

54.  Defendant's purported reason(s) for terminating Plaintiff are pretextual.

55. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

56. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from Defendant.

WHEREFORE, Plaintiff requests:

   A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

   C. Interest on the amount found due;

   D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

   E. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

   F. Such other relief as the Court deems just and proper.

## COUNT III
## FAILURE TO ACCOMMODATE IN VIOLATION
## OF THE ADA AND ADAAA

57. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-30 above as though the same were fully set forth herein.

58. Plaintiff's condition is a disability under the ADA, the ADAAA, in that as a result of this condition, Plaintiff was experiencing orofacial pain, infection, and/or lack of functional dentition which affect nutritional intake, growth and development, and/or participation in life activities. These are considered "major life activities" as defined by the ADA and ADAAA.

59. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

60. Defendant failed to provide Plaintiff with reasonable accommodations as that term is defined in the ADAAA, § 101(9). Plaintiff requested that she have extended time off from May 28 2021 and June 14, 2021. This request was reasonable and would not have caused Defendant undue hardship.

61. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

62. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U. S.C. § 12117(a)), Plaintiff is entitled to reinstatement of her formerly held position (or its equivalent) and reinstatement of her benefits/seniority.

63. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

WHEREFORE, Plaintiff requests judgment against Defendant as follow:

  A. Actual damages as a result of Defendant's discriminatory actions;

  B. Punitive damages due to Defendant's willful behavior;

  C. Compensatory damages;

  D. Injunctive relief where feasible;

  E. Attorney's fees;

  F. Costs of this action; and

  G. Any other relief this Court deems proper.

## COUNT IV
## DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

64. Plaintiff reasserts her allegations in paragraphs 1–30, above, as if fully re-written herein.

65. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

66. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited her in one or more major life activity to wit: eating and mobility limitations; and/or Plaintiff's record of having such disability.

67. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

*Page 10*

68. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability/disabilities and/or Plaintiff's record of having such a disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff.

69. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement to her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

70. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff requests judgment against Defendant as follow:

    A.  Actual damages as a result of Defendant's discriminatory actions;

    B.  Punitive damages due to Defendant's willful behavior;

    C.  Compensatory damages;

    D.  Injunctive relief where feasible;

    E.  Attorney's fees;

    F.  Costs of this action; and

    G.  Any other relief this Court deems proper.

## COUNT V
## VIOLATION OF THE ADA AND ADAAA
## (RETALIATION)

71. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

72. Plaintiff requested an extension of her preapproved medical leave as a reasonable accommodation(s) as a result of her condition.

73. As a direct result of Plaintiff's request for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

74. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

75. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

76. Defendant's states reason(s) for denying Plaintiff's request for accommodation is pretextual.

77. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff requests that:

A. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, MILAINE MARRERO demands trial by jury on all issues and all counts of this

Complaint so triable as a matter of right.


Dated: February 14, 2022                    Respectfully submitted,

                                            */s/ Nathaly Saavedra*
                                            Nathaly Saavedra, Esq.
                                            Fla. Bar No. 118315
                                            Email: nathaly@peregonza.com
                                            Juan J. Perez, Esq.
                                            Fla. Bar No. 115784
                                            Email: juan@peregonza.com
                                            Jocelyn R. Rocha, Esq.
                                            Fla. Bar No. 1039302
                                            Email: jocelyn@peregonza.com
                                            PEREGONZA THE ATTORNEYS, PLLC
                                            5201 Blue Lagoon Drive, Suite 290
                                            Miami, FL 33126
                                            Tel. (786) 650-0202