UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-20601-CMA

MILAINE MARRERO,

    Plaintiff,

v.

AMAZON.COM SERVICES LLC,

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Stefanie M. Mederos, Esq.
Florida Bar No.: 12041
E-mail: smederos@littler.com
Sinead D. Motta, Esq.
Florida Bar No.: 115438
E-Mail: sdaly@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
305.400.7500 (Tel)
305.675.8497 (Fax)

ATTORNEYS FOR AMAZON.COM SERVICES LLC

Defendant, Amazon.com Services LLC ("Amazon" or "Defendant"), by and through undersigned counsel, hereby files this Reply to Plaintiff's Response to Defendant's Concise Statement of Material Facts in Support of its Motion for Summary Judgment (ECF No. 25). As set forth herein, the undisputed material facts and admissible record evidence demonstrate that Amazon is entitled to final summary judgment as a matter of law.

**I.      REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

**A.      Plaintiff Expressly Concedes Most of the Material Facts Are Undisputed**

Plaintiff concedes the statements contained in the following paragraphs of Amazon's Statement of Undisputed Material Facts ("SOF"), (ECF No. 19), are undisputed without any qualification: Paragraphs 1-11, 15-23, 28, 31-34, 36, 38-42, 44-45, 47-49, 52, 57-62, 64, and 66-80. Each fact that Plaintiff fails to address in other paragraphs is undisputed, regardless of the label Plaintiff puts on it. Pursuant to the Local Rules, "[a]ll material facts set forth in the movant's statement filed and supported as required . . . will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." L.R. 56.1(c). *Hodges v. Harrison*, 372 F. Supp. 3d 1342, 1346 (S.D. Fla. 2019).

**B.      Plaintiff Admits Defendant's Remaining Material Facts**

Plaintiff repeatedly admits the truth of the substance of Defendant's factual statements in the SOF but still asserts they are disputed based on some unspecified failing. Plaintiff cannot vaguely dispute a factual assertion and thereby establish an issue of fact; rather, she must "clearly challenge" the fact asserted by Defendant.  Local Rule 56.1(a)(2); *see also Sony Music Ent. v. Vital Pharms., Inc.,* No. 21-22825-CIV, 2022 WL 4771858, at *7 (S.D. Fla. Sept. 14, 2022)*; Hum. Rts. Def. Ctr. v. Dixon,* No. 21-81391-CV, 2022 WL 4243921, at *3 (S.D. Fla. Aug. 24, 2022 (district courts have considerable discretion in applying the Local Rules, and responses that are evasive, non-responsive and do not clearly controvert the opponent's fact can be deemed undisputed). Defendant respectfully submits that the Court should deem admitted each fact that Plaintiff attempts to dispute through vague, non-specific assertions. As more fully set forth below, the Court should deem the following assertions of fact as undisputed:

**SOF ¶ 12** - Plaintiff admits that "some of the substance [of SOF ¶ 12] is accurate" but does

1

not specify what part is not accurate. Because Plaintiff does not specify what part of SOF ¶ 12 is inaccurate she has failed to "clearly challenge" it and the Court should deem it admitted.[1]

SOF ¶ 12 simply recites verbatim Dr. Lujan's testimony concerning the nature of Plaintiff's condition. The additional testimony from Dr. Lujan Plaintiff offers does not contradict or controvert SOF ¶ 12. Accordingly, SOF ¶ 12 is undisputed and the Court should deem it admitted. *See* Local Rule 56.1(c).

**SOF ¶ 13** - Plaintiff admits that "some of the substance [of SOF ¶ 13] is accurate" but does not specify what part is not accurate. Because Plaintiff does not specify what part of SOF ¶ 13 is inaccurate she has failed to "clearly challenge" it and the Court should deem it admitted. Local Rules 56.1(a)(2) and 56(c). SOF ¶ 13 simply recites verbatim Dr. Lujan's testimony concerning Plaintiff's course of treatment. The additional testimony from Dr. Lujan Plaintiff offers—namely, that the extraction of all her teeth and making a new denture was the only viable treatment— does not contradict or controvert SOF ¶ 13. Accordingly, SOF ¶ 13 is undisputed and the Court should deem it admitted. *See* Local Rule 56.1(c).

**SOF ¶ 14** – Plaintiff does not dispute SOF ¶ 14; rather, she admits, "[Plaintiff] contacted DLS to request a leave of absence." Plaintiff's assertion, "it was Defendant and not Plaintiff who designated the leave as FMLA leave," is not supported by the record. Rather, she cites to an "EOHC Case Note" that reflects the designation, "FMLA: YES," with no indication of who designated it as such. Thus, the Court should deem SOF ¶ 14 admitted pursuant to Local Rule 56.1(c). Further, the question of what party designated Plaintiff's leave request under the FMLA is immaterial to the issues at hand.

**SOF ¶ 24** - Plaintiff admits that "some of the substance [of SOF ¶ 24] is accurate" but does not specify what part is not accurate. Because Plaintiff does not specify what part of SOF ¶ 24 is inaccurate she has failed to "clearly challenge" it and the Court should deem it admitted. Local Rules 56.1(a)(2) and 56(c). In fact, the record evidence Plaintiff cites from an "Employee Conversation" document supports SOF ¶ 24 because Plaintiff reported in that call that she expected the doctor to "tell [her] if [she] can RTW or if [she] need[s] to be off from work some more time to heal" at the May 28, 2021 appointment.

**SOF ¶ 25** - Plaintiff admits that "some of the substance [of SOF ¶ 25] is accurate" but does

---

[1] Local Rule 56.1(c) holds: "All material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts."

not specify what part is not accurate. Because Plaintiff does not specify what part of SOF ¶ 25 is inaccurate she has failed to "clearly challenge" it and the Court should deem it admitted. Local Rules 56.1(a)(2) and 56(c). The additional evidence Plaintiff offers—namely, that "the DLS agent advised that if the doctor extended her leave, to have dates, name, reason for leave"—does not contradict or controvert the factual content of SOF ¶ 25. Thus, the Court should deem SOF ¶ 25 admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 26** - Plaintiff fails to contradict or controvert SOF ¶ 26. Plaintiff testified that she had a follow-up appointment on May 28, 2021. *See id.* The note Dr. Lujan submitted bore the same date. (SOF ¶ 29). To the extent Dr. Lujan has a different recollection of the date or made an error regarding same, the difference is not material.

**SOF ¶ 27** - Plaintiff admits that "the substance [of SOF ¶ 27] is accurate" and does not even attempt to claim it is factually inaccurate. The "tenor" of the fact is irrelevant and does not present a "clear[] challenge" to fact; thus, the Court should deem it admitted. Local Rules 56.1(a)(2) and 56(c). Indeed, SOF ¶ 27 simply reports Dr. Lujan's deposition testimony that Plaintiff no longer had an infection and was depressed and anxious on May 28, 2021.[2] The additional testimony from Dr. Lujan that Plaintiff offers—namely, that Plaintiff still had sensitive gums and he needed to wait to take impressions— does not controvert the testimony recited in SOF ¶ 27. Thus, the Court should deem SOF ¶ 27 admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 29** - Plaintiff fails to contradict or controvert SOF ¶ 29. Indeed, SOF ¶ 29 simply recites the exact language of Dr. Lujan's May 28, 2021 note. The additional evidence Plaintiff offers—namely Dr. Lujan's testimony concerning what he personally believed or *meant* to convey—is not relevant and does not controvert the substance of what he actually wrote on the note. The note clearly stated that Plaintiff was "able to return to work." Thus, the Court should deem SOF ¶ 29 admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 30** - Plaintiff fails to contradict or controvert SOF ¶ 30. Plaintiff states that she attempted to work (for Lyft) on May 20, 2021 but was "in too much pain and was unable to do so." However, Plaintiff fails to include a record citation to support the contention as required by

---

[2] *See Leonard v. Silva*, No. 21-60627-CIV, 2022 WL 19915003, *4 (S.D. Fla. Nov. 23, 2022) (a witness without a background in psychiatry and who does not claim to be an expert on mental conditions is not qualified to testify to plaintiff's emotional state) (Altonaga, J.).

Federal Rule of Civil Procedure 56(c) and it contradicts the Lyft records.[3] The cited document does not have a bearing on her reasons for working or not working. Because Plaintiff has not contradicted or controverted SOF ¶ 30 and the Court should deem it admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 35** - Plaintiff admits that "some of the substance [of SOF ¶ 35] is accurate" but does not specify what part is not accurate. Because Plaintiff does not specify what part of SOF ¶ 35 is inaccurate she has failed to "clearly challenge" it and the Court should deem it admitted. Local Rules 56.1(a)(2) and 56(c). The Court should reject Plaintiff's attempt to dispute the "characterization" of the May 28, 2021. The note clearly stated that Plaintiff was "able to return to work." (*See* SOF ¶ 29). Further, Plaintiff does not dispute that Amazon interpreted the note as releasing her back to work. (SOF ¶ 36.) Plaintiff has not contradicted or controverted SOF ¶ 35 and the Court should deem it admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 37** - SOF ¶ 37 should be deemed admitted pursuant to Local Rule 56.1(c). Plaintiff does not dispute that Williams interpreted the note as releasing her back to work, so Amazon did not deem it an extension of leave. (SOF ¶ 36.) Plaintiff's ***argument*** as to how Ms. Williams should have interpreted the note has no bearing on how she testified that she interpreted it. Plaintiff's argument does not controvert or contradict SOF ¶ 37. Plaintiff cites testimony from the administrative hearing implying that Williams made a mistake, but it is well-established that employers are not required to make perfect decisions. *Smith v. Papp Clinic, P.A.*, 808 F.2d 1449, 1452-53 (11th Cir. 1987) (If the decisionmaker "fired an employee because [he] honestly believed that the employee had violated a company policy, even if [he] was mistaken in such belief, the discharge is not 'because of race'"). Thus, SOF ¶ 37 remains uncontradicted and uncontroverted.

**SOF ¶ 43** - Plaintiff admits that "some of the substance [of SOF ¶ 43] is accurate" but does not specify what part is not accurate. Because Plaintiff does not specify what part of SOF ¶ 43 is inaccurate she has failed to "clearly challenge" it and the Court should deem it admitted. Local Rules 56.1(a)(2) and 56(c). Indeed, SOF ¶ 43 simply reflects testimony that job abandonment occurs when an associate misses three consecutive shifts "without contacting Amazon." The

---

[3] "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380 (2007) (emphasis added).

additional evidence Plaintiff offers—namely, that an employee must "report to work or call in" to avoid job abandonment—does not controvert the factual content of SOF ¶ 43. Thus, the Court should deem SOF ¶ 43 admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 46** - Plaintiff admits that "some of the substance [of SOF ¶ 46] is accurate" but does not specify what part is not accurate. Because Plaintiff does not specify what part of SOF ¶ 46 is inaccurate she has failed to "clearly challenge" it and the Court should deem it admitted. Local Rules 56.1(a)(2) and 56(c). SOF ¶ 46 simply asserts that Plaintiff did not respond to the job abandonment email. Plaintiff's additional testimony as to *why* she allegedly did not respond does not contradict or controvert that basic fact. Thus, the Court should deem SOF ¶ 46 admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 50** - Plaintiff admits that "some of the substance [of SOF ¶ 50] is accurate" but does not specify what part is not accurate. Because Plaintiff does not specify what part of SOF ¶ 50 is inaccurate she has failed to "clearly challenge" it and the Court should deem it admitted. Local Rules 56.1(a)(2) and 56(c). SOF ¶ 50 simply asserts that Plaintiff did not respond to the second job abandonment email. Plaintiff's additional testimony as to *why* she allegedly did not respond does not controvert that basic fact. Thus, the Court should deem SOF ¶ 50 admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 51** - Plaintiff admits that "some of the substance [of SOF ¶ 51] is accurate" but does not specify what part is not accurate. Because Plaintiff does not specify what part of SOF ¶ 51 is inaccurate she has failed to "clearly challenge" it and the Court should deem it admitted. Local Rules 56.1(a)(2) and 56(c). SOF ¶ 51 is based on Plaintiff's sworn testimony that the last phone call she made to Amazon was on June 2, 2021. She cannot create an issue of fact by contradicting her previous sworn testimony. *See Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999) ("[A] party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement . . . without explaining the contradiction or attempting to resolve the disparity."). The phone records to which Plaintiff cites also fail to support her factual contention because she does not authenticate or provide any context for them. Thus, the Court should deem SOF ¶ 51 admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 53** - Plaintiff fails to contradict or controvert SOF ¶ 53, which reflects testimony concerning the general process for evaluating a possible job abandonment. The additional evidence Plaintiff offers with further details does not contradict or controvert the substance of the SOF. Ms.

5

Chevalier testified that when reviewing a case for job abandonment she would review to see if there were any open DALI cases or workers' compensation cases. *Compare* ECF 20-6 at 23:1-14; 31:12-32:12 with ECF 20-6 at 79:5-15. PTX Manager, Jaymee Wise, testified that as part of the job abandonment process, HR Coordinators review the number of "shifts has an associate missed, [whether] they reported any other absences, do they have an active DLS claim, do they have an active workman's comp claim, are they negative UPT, if they are, how much, when was the last day that they worked, and what is the next day that they worked, and do they have any other Panorama cases." ECF 20-3 at 40:25-41:8. There is no record testimony regarding the SOP, the terms of which do not controvert SOF 53. ECF 26-9. Thus, the Court should deem SOF ¶ 53 admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 54** - Plaintiff fails to contradict or controvert SOF ¶ 54, which reflects testimony concerning the general procedure for processing a job abandonment. The additional evidence Plaintiff offers with further details does not controvert the substance of the SOF. Ms. Chevalier testified that when reviewing a case for job abandonment she would review to see if there were any open DALI cases or workers' compensation cases. *Compare* ECF 20-6 at 23:1-14; 31:12-32:12 with ECF 20-6 at 79:5-15. PTX Manager, Jaymee Wise, testified that as part of the job abandonment process, HR Coordinators review the number of "shifts has an associate missed, [whether] they reported any other absences, [whether] they [had] an active DLS claim, [whether] they [had] an active workman's comp claim, [whether] they [are] negative UPT, if they are, how much, when was the last day that they worked, and what is the next day that they worked, and do they have any other Panorama cases." ECF 20-3 at 40:25-41:8. There is no record testimony regarding the SOP, the terms of which do not controvert SOF 53. ECF 26-9. Thus, the Court should deem SOF ¶ 54 admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 55** - Plaintiff admits that "some of the substance [of SOF ¶ 55] is accurate" but does not specify what part is not accurate. Because Plaintiff does not specify what part of SOF ¶ 55 is inaccurate she has failed to "clearly challenge" it and the Court should deem it admitted. Local Rules 56.1(a)(2) and 56(c). Further, Plaintiff fails to include a record citation for the additional purported evidence she sets forth as required by Federal Rule of Civil Procedure 56(c). Thus, the Court should deem SOF ¶ 55 admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 56** - Plaintiff fails to contradict or controvert SOF ¶ 56, which simply states that Chevalier's notes were accurate. The record evidence cited in support thereof is Chevalier's

6

testimony that directly supports the contention. Plaintiff offers no evidence to controvert SOF ¶ 56. Thus, the Court should deem it admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 63** - Plaintiff fails to contradict or controvert SOF ¶ 63; instead she argues it should be stricken as immaterial. However, SOF ¶ 63 is material because it concerns Plaintiff's ongoing choice not to contact Amazon. Plaintiff offers no evidence to controvert SOF ¶ 63. Thus, the Court should deem it admitted pursuant to Local Rule 56.1(c).

**SOF ¶ 65** - Plaintiff admits that "some of the substance [of SOF ¶ 65] is accurate" but does not specify what part is not accurate. Because Plaintiff does not specify what part of SOF ¶ 65 is inaccurate she has failed to "clearly challenge" it and the Court should deem it admitted. Local Rules 56.1(a)(2) and 56(c). Plaintiff offers no evidence to contradict or controvert SOF ¶ 65. Thus, the Court should deem it admitted pursuant to Local Rule 56.1(c).

## II.     RESPONSE TO PLAINTIFF'S ADDITIONAL FACTS

81. Undisputed.

82. Undisputed.

83. Disputed. Plaintiff failed to cite evidence to support the purported fact. (ECF No. 26-6, Pl. Tr. at 94:2-10) Additionally, Plaintiff admitted her duties were not physical and did not require lifting. (ECF No. 20-2at 94:4-12, ECF No. 20-3 at 263:23-264:20).

84. Disputed. Plaintiff failed to cite evidence to support the purported facts. (ECF No. 26-19 at 19; 26-12).

85. Partially disputed. Amazon admits that it maintained an attendance policy. Amazon disputes that the referenced attendance policy applies to its entire workforce. (ECF No. 26-13).

86. Disputed. Plaintiff misstated the cited policy. An employee will not be subject to discipline just because an absence is not accounted by using PTO, UPT, or by requesting a leave of absence. The policy states that "irregular attendance patterns or concerns, such as repeatedly reporting late o leaving early, including within the grace periods, or failure to accurately track your time, may result in corrective action." (ECF No. 26-13 at 2).

87. Disputed. The purported fact is immaterial to pending motion.

88. Disputed. Plaintiff misstated the cited policy. (ECF No.26-11 at 8).

89. Disputed. Plaintiff misstated the cited policy. (ECF No. 26-11 at 18).

90. Partially disputed. Employee Resource Center is the starting place to address leaves of absence.

91. Disputed. Employee Resource Center Agents help with policy or any employment-related questions. Owners Manual, ECF to be filed. Associates are directed to contact ERC (HR) if they are unable to meet attendance requirements due to medical, family, or personal reasons. *Id*. ERC Agents are not trained to determine conditions or what kind of leave is needed.  (ECF No. 20-3 at 36:12-37:1). DLS Agents just take messages, complete intakes, and send off to DLS Case Managers. (ECF No. 20-5 at 17:4-18:1).

92. Partially disputed. Plaintiff mischaracterized testimony regarding case number and manager assignment. (ECF No. 26-14, Corp. Rep. Transcript at 16:7-23). ERC Agents are not trained to determine conditions or what kind of leave. ERC / DLS Agents take messages, complete intakes, and send off to DLS Case Managers. (ECF No. 20-5 at 17:4-18:1).

93. Disputed. Plaintiff mischaracterized testimony regarding responsibility. (ECF No. 26-14 at 17:1-16).

94. Undisputed.

95. Disputed. Plaintiff misstated the cited policy. (ECF No. 26-15 at 1).

96. Disputed. Plaintiff's first alleged statement of fact in Paragraph 96 failed to contain any citation to the particular part of the record as required by Local Rule 56.1 and therefore, should be stricken from the Court's consideration.  The second alleged statement misstated the cited policies. (ECF No. 26-15 at 1; 26-16 at 2).

97. Disputed. Plaintiff misstated cited policy. (ECF No. 26-16 at 2).

98. Disputed. Plaintiff misstated cited policy. (ECF No. 26-16 at 2).

99. Disputed. Plaintiff misstated cited policy. (ECF No. 26-16).

100. Disputed. Plaintiff failed to cite any evidence to support she was experiencing severe pain, swelling, and bleeding in her gums.  (ECF No. 26-17; ECF No. 26-6 at 106:8-12).

101. Undisputed.

102. Partially disputed. Undisputed that the first time Mrs. Marrero consulted with Dr. Lujan was April 12, 2021. Disputed to the extent that Paragraph 102 is intended to suggest that was her first consultation for her claimed dental issues. (ECF No. 20-4 at 58:19-59:7, 60:5-61:1 and 74:15-75:24.

103. Disputed. Plaintiff misstated cited testimony as the pain was not described as severe and there was no mention of the upper area of the mouth.  (ECF No. 26-1 at15:11-16). Plaintiff's cited testimony does not describe past extractions or use of dentures.  *Id*. at 49:13-51:5.

104. Partially disputed. Plaintiff's cited testimony does not support the purported facts, except that Plaintiff had periodontal disease.  *Id*. at 15:13-16.

105. Disputed. Dr. Lujan's testimony about possible future outcomes unrelated to Plaintiff's symptoms he identified are immaterial.

106. Partially disputed. Plaintiff's cited testimony does not support the purported facts, except that Plaintiff needed to extract her teeth.  *Id*. at 28:7-10.

107. Partially disputed. Plaintiff's cited testimony does not support the purported facts, except that Dr. Lujan put Plaintiff on antibiotics first.  *Id*. at 28:7-10; 21:1-22.

108. Disputed. Dr. Lujan testified she would need three to four weeks after extraction for tissue to be ready to take an impression for a denture because she did not want to go back to work without any teeth. *Id*. at 26:23 -27:25.

109. Disputed. As of April 30, 2021, Plaintiff's expected leave of absence was May 16, 2021 through June 5, 2021.  (ECF No. 26-19 at 9, 12, 22).

110.  Disputed. Plaintiff's citation does not support the purported fact and it is immaterial and duplicative of facts in Paragraph 111.

111. Undisputed.

112. Disputed. Plaintiff's citations do not support the purported facts.  (ECF No. 26-1, Lujan Tr. 21:5-22].

113. Undisputed.

114.  Disputed. Plaintiff failed to cite any evidence to support her last purported fact and misstated the cited documentation. (ECF No. 26-22).

115. Undisputed.

116. Undisputed.

117. Partially disputed. Plaintiff's citations do not support the purported facts, except that she underwent surgery with Dr. Lujan on May 14, 2021.  (ECF No. 26-1,at 31:7-9).

118. Partially disputed. Plaintiff's citations do not support the purported facts, except for the substance and submission of the "Return to Work or School" note. (ECF No. 26-29, 30).

119.  Disputed. Plaintiff contacted DLS on May 20, 2021 at 7:29 am. Fields 30(b)(6) Dep., Def. Ex. 1 at AMAZON (M. MARRERO) 0000260). On May 14, 2021, Dr. Lujan, submitted a note to Amazon informing it that Plaintiff had multiple extractions and sutures and "need[ed] to rest and return in 2 weeks." (ECF No. 19 at ¶ 20).

9

120. Disputed. Plaintiff misstated information contained in the note. (ECF No. 26-32) ("Pending documentation review, missing estimated [return to work] date, but there is another document with the next appointment. Next doctor's appointment 5/28. I told Milaine to call tomorrow if no action was taken today. No further questions.").

121. Disputed. Plaintiff's citation does not support the purported fact and it is immaterial and duplicative of facts in Paragraph 122. Amazon approved Plaintiff's request on May 24, 2021 after receiving additional documentation from Dr. Lujan. (ECF No. 26-33).

122. Disputed. Plaintiff misstated the cited letter regarding modification. (ECF No. 26-34 at 2) ("You are expected to return to work on May 29, 2021, or your next scheduled shift. If this date, changes, contact us immediately to request an extension, you will be held to Amazon's attendance policy and have UPT deductions. We may request additional documentation in certain circumstances (for example, if you request additional time off.").

123. Disputed. Plaintiff misstates the contents of the cited documentation. (ECF No. 26-35).

124. Disputed. Plaintiff misstates the contents of the cited documentation, which does not say "even though the same had not already been confirmed." (ECF No. 26-36).

125. Disputed. The cited note states that Plaintiff "needs to know any option to request a *personal* leave in case the doctor does not provide an extension on the medical leave but she is not feeling full recover(sic) emotionally", not how to proceed to extend her leave. (ECF No. 26-37 at 1).

126. Disputed. Plaintiff misstates the content of the cited documentation. (ECF No. 26-38). Defendant does not dispute that a task was created for a Spanish-speaking Case Manager to contact Plaintiff. Thereafter, Spanish-speaking DLS Case Manager, Rafa Barajas, contacted Plaintiff, but she declined to speak with Mr. Barajas because she was on another call. Fields 30(b)(6) Dep. at 122:03-123:8, Def. Ex. 1 at Amazon 0000236) (5.28.21 Case Note from Rafa Barajas).

127. Disputed. Plaintiff misstates the content and date of the cited documentation. (ECF No. 26-39).

128. Disputed. Plaintiff fails to cite record evidence to support the purported fact. The quote regarding the Return to Work note is incomplete and omits "is able to return to work." (ECF No. 26-40).

129. Undisputed.

10

130. Disputed. Plaintiff's cited evidence does not reflect a June 2, 2021 date. (ECF No. 26-40).

131. Disputed. Plaintiff misstated the cited note. (ECF No. 26-44). Plaintiff was not told to disregard any messages regarding absences. *Id*.

132. Disputed. Plaintiff's cited evidence does not reflect a June 3, 2021 date or the June 2, 2021 deduction of 10 hours. (ECF No. 26-45).

133. Disputed. Plaintiff misstated the cited testimony as to recent time punches and review of case notes. (ECF No. 26-4 at180:1 - 181:14).

134. Disputed. Plaintiff misstated the cited testimony regarding review, interpretation of the note, and active punches. *Id*. at 180:1-10; 182:19-185

135. Disputed. As a Human Resources Coordinator, duties included reviewing time and attendance records, reaching out to associates tracking for job abandonment, negative UPT, and missed punches, and handled resignations. (ECF No. 20-6 at 11:22-12:11).

136. Disputed. The SOP covers frequently, how to audit daily the UPT/Point balances and No Call No Show (NCNS) for NACF hourly associates, and notifications and resolution for site and associate. (ECF No. 26-9 at 1).

137. Disputed. The HR representative would be tasked with reviewing a case following the SOP and the first step was to gather information in the questionnaire. (ECF No. 26-8 at 22:13-23:14).

138. Disputed. If an associate has an open or pending LOA case, the HR coordinator must contact the LOA team. (ECF No. 26-9 at 10).

139. Disputed. As of June 10, 2021, Ms. Schulz confirmed Plaintiff missed 8 shifts she was scheduled to work after her return to work date of May 29, 2021. (ECF No. 26-47 at p.6).

140. Disputed. In accordance with Amazon's attendance policy, a case for job abandonment was created on June 6, 2021 and the first job abandonment email was sent to Plaintiff asking her to contact Amazon *Id*. at 2,5. Kiara Schulz f/k/a Chevalier was assigned the case and reviewed the case on June 10, 2021. *Id*. at 6.

141. Disputed. In reviewing the case, Ms. Schulz reviewed the DALI case, confirmed it had been reviewed on June 6, 2021, and closed with a return to work date of May 29, 2021. *Id*. at 6.

142. Disputed. After determining that Plaintiff had missed 8 shifts, made no contact to

11

Amazon, and her leave case was closed on June 6, 2021, Ms. Schulz processed the job abandonment. *Id* at 6. Plaintiff voluntarily resigned due to job abandonment as of June 10, 2021. (ECF No. 26-48).

143. Disputed. The cited transcript provisions do not reference the last date Plaintiff visited Dr. Lujan. (ECF No. 20-2 at 187:24-188:6). Dr. Lujan testified his notes reflect he last saw her on June 28, 2021. (ECF No. 20-4 at 43:24-44:3). Plaintiff chose not to proceed with Dr. Lujan's denture treatment at all and was referred to a periodontist because she was considering having implants instead. (*Id*. at 45:14-25). Plaintiff chose not to utilize her husband's dental benefits to obtain additional dental treatment. (ECF No. 20-2 at 198:2-4).

144. Disputed. Plaintiff misrepresents the cited testimony. Dr. Lujan did not opine as to whether Plaintiff had an opportunity to complete treatment. (ECF No. 26-1, Lujan Tr. 42:13-23). He also did not say Plaintiff would not have limitations preventing return to work. (*Id*.) He said Plaintiff would have teeth to return to work "as quickly as possible." (*Id*.)

**Dated**: December 11, 2023

Respectfully submitted,

/s/ *Stefanie M. Mederos*
Stefanie M. Mederos, Esq.
Florida Bar No.: 12041
E-mail: smederos@littler.com
Sinead D. Motta, Esq.
Florida Bar No.: 115438
E-Mail: sdaly@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
305.400.7500 (Tel)
305.675.8497 (Fax)

*Attorneys for Defendant,*
*Amazon.com Services LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 11th day of December 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the

attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                        */s/ Stefanie M. Mederos*
                                                          Stefanie M. Mederos

## **SERVICE LIST**

**COUNSEL FOR PLAINTIFF:**
Nathaly Saavedra, Esq.
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Email: juan@peregonza.com
Jocelyn R. Rocha, Esq.
Email: jocelyn@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Telephone: (786) 650-0202

*Counsel for Plaintiff*
*Served via CM/ECF*

**COUNSEL FOR DEFENDANT:**
Stefanie M. Mederos, Esq.
E-mail: smederos@littler.com
Sinead D. Motta, Esq.
E-Mail:  sdaly@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700

13

Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

***Counsel for Plaintiff***
***Served via CM/ECF***

4871-8897-6790.2 / 114766-1072