UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:23-CV-20601-MD

MILAINE MARRERO,

Plaintiff,

v.

AMAZON.COM SERVICES LLC,

Defendant.
_____/

**PLAINTIFF'S MOTION TO REQUIRE REMOTE TESTIMONY AT TRIAL BY SHARRON FIELDS AND FOR DEFENDANT TO IDENTIFY DESIGNEE FOR TOPICS AT TRIAL**

Plaintiff, MILAINE MARRERO, ("Plaintiff") respectfully moves this Court for an Order under Federal Rules of Civil Procedure 43(a) and 45 requiring Defendant, AMAZON.COM SERVICES LLC, ("Defendant") to produce its employee and former corporate representative designee, Sharron Fields, (hereinafter "Ms. Fields") to testify at trial, through contemporaneous transmission, and for Defendant to identify its designee to testify as to the factual basis of Defendant's response in opposition to Plaintiff's charge of discrimination and its affirmative defenses at trial starting on June 24, 2024, and states as follows in support:

**INTRODUCTION**

1. This case is set to be tried by jury commencing on June 24, 2024. In preparation for the trial, on June 13, 2024, Plaintiff's counsel conferred via e-mail with Defendant's counsel regarding the witnesses under Defendant's control that Plaintiff intends to call during her case in chief to ensure their attendance.

2. On June 14, 2024, Defendant's counsel advised that Defendant was not producing Ms. Fields for Plaintiff's case in chief. In addition, counsel refused to identify which of its three newly

1

designees are going to be the representative(s) to testify as to the factual basis of Defendant's response in opposition to Plaintiff's charge of discrimination and its affirmative defenses. Defendant also contends that Plaintiff should be precluded from freely seeking testimony on these two topics at trial.

3. Plaintiff now respectfully moves this Court for an Order under Federal Rules of Civil Procedure 43(a) and 45 requiring Defendant to make Ms. Fields available to testify at trial starting on June 24, 2024, through contemporaneous transmission without the need for subpoena.

4. Plaintiff further contends that Defendant, a party to this action, cannot be permitted to evade testifying at the trial, simply by failing to identify who its corporate representative designated to a topic is, or by arbitrarily limiting the scope Plaintiff is entitled to explore at trial.

**The Parties Conferral Regarding the Trial Witnesses and Scope of their Testimony**

Upon the Court's Order Resetting Trial for June 24, 2024, [ECF No. 95] the undersigned conferred with Defendant's counsel on the witnesses Plaintiff intends to call during her case-in-chief to confirm availability which includes Ms. Fields in her individual capacity. In response, Defendant informed Plaintiff that Ms. Fields was unavailable for trial and Defendant had designated Tiffany Roth, Senior Operations Manager, as the new corporate representative to testify on the topics regarding Disability and Leave Services at trial.

Upon further conferral, the undersigned stated that Plaintiff intended to call Ms. Fields in her personal capacity and requested her last known address as Plaintiff intended to issue a subpoena. In response, Defendant's counsel ignored Plaintiff's request for the basis of Ms. Fields unavailability as well as the requested information, and instead summarily stated that Ms. Fields lived in Las Vegas, Nevada and was therefore outside of this Court's jurisdiction. As of the date

2

of this Motion, Defendant has not given any indication that will evidence that Ms. Fields is no longer an employee or provided any evidence that meets the legal requirements to establish Ms. Fields unavailability. Instead, Defendant contends it has yet again designated a different corporate representative for the DLS department[1] and appears to hide behind the fact that Ms. Fields resides outside of the state of Florida as basis for her unavailability. Accordingly, pursuant to the Fed. R. Civ. Pro., Plaintiff respectfully asks that the Court enter an order: 1) compelling Defendant to produce Ms. Fields at trial, either voluntarily in person or at a remote location via contemporaneous video transmission consistent with Federal Rules of Civil Procedure 43 and 45, and 2) ordering Defendant to identify which of the corporate representatives will be designated to testify as to the factual basis of Defendant's response to Plaintiff's charge of discrimination and Affirmative Defenses at trial.

## ARGUMENT

1. **Defendant is obligated to produce an adequately prepared and knowledgeable 30(b)(6) corporate representative at trial regarding the factual basis of its defenses and may be sanctioned for a failure to do so.**

   Plaintiff contends that her efforts to prepare for her case-in-chief efficiently, have been improperly frustrated by Defendant. Specifically, despite Plaintiff's requests, as of the date of this Motion, Defendant has failed to identify which of the three trial corporate representatives will be designated to testify on the topics related to the factual basis supporting Defendant's opposition to Plaintiff's administrative charge of discrimination and the Defendant's affirmative defenses at trial.[2] Without knowing which of the three witnesses will be designated to testify about the facts

---

[1] Plaintiff notes that at different stages of this litigation, (DOAH Hearing, the discovery stage of this litigation, and now at trial) Defendant has designated three different individuals as corporate representatives for the Disability and Leave Services Department as well as three different individuals as corporate representatives for Human Resources Manager and Site HR business partner.

[2] A copy of the e-mail correspondence evidencing the parties' conferral is attached hereto as Exhibit A.

3

that Defendant contends support its defenses and position in this ligation, Plaintiff has no choice but to call all three designees, inevitably prolonging the time Plaintiff will need for her case-in-chief. Defendant also improperly attempts to limit Plaintiff's ability to present her case by constraining the scope of the information it will provide about these two topics based upon the specific inquiries made during the 30(b)(6) depositions. This is an improper limitation that should not be allowed and will unjustly prejudice Plaintiff.

Prior to the 30(b)(6) depositions being conducted in this case, the undersigned and Defendant's former counsel conferred and were able to resolve the disputes raised regarding the topics. Once the objections were resolved, Defendant's former counsel advised that the list of topics would require more than one corporate representative to be designated. In accordance with this agreement, the 30(b)(6) depositions of Lisa Vrendenburgh and Sharron Fields in their capacity as corporate representatives were conducted on October 27, 2023[3].

Rule 30(b)(6) obligates an entity to designate a person "to testify on its behalf". The designated person "must testify about information known or reasonably available to the organization." The designee must be able to answer questions that are "both within the scope of the matters described in the notice and are 'known or reasonably available' to the corporation." *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995), aff'd, 213 F.3d 646 (11th Cir. 2000) (unpublished table decision). Relying upon the plain language of Fed. R. Civ. P. 30(b)(6), Plaintiff contends that a party may be compelled to produce a corporate representative to testify on topics at trial, even if those topics were not discussed in detail during depositions, provided these topics were listed in the Rule 30(b)(6) deposition notice. *See* Fed. R. Civ. P. 30(b)(6). Plaintiff contends the rule unequivocally states the obligations of a corporate representative

---

[3] A copy of the notice and topics is attached hereto as Exhibit B.

4

designated as a corporate representative. Specifically, the designated representative must be prepared to discuss the topics outlined in the deposition notice. *See Mitnor Corp. v. Club Condominiums*, 339 F.R.D. 312 (N.D. Fla. 2021); *see also Guinnane v. Dobbins*, 479 F. Supp. 3d 989 (D. Mont. 2020). This preparation must occur ahead of the deposition and regardless of whether Defendant intended to object to the questions and without knowing if the topic will be deeply explored by the opposing party. Courts have emphasized that if a topic was listed in the Rule 30(b)(6) deposition notice and no valid objection was raised or resolved regarding that topic, a party cannot refuse to produce a corporate representative to testify on that topic at trial based on the lack of in-depth discussion during depositions. These safeguards ensure the completeness and fairness of the trial process. Therefore, for purposes of judicial economy and fairness, Plaintiff requests that this Honorable Court compels the Defendant to identify which witness will be designated to testify as to these topics at trial on its behalf and pursuant to the Fed. R. Civ. P. orders the Defendant complies with its obligations under the Rule to adequately prepare its designee to testify about information known or reasonably available to the organization without any other limitation.

**2. Good cause in compelling circumstances exists to permit remote testimony of Ms. Fields at trial.**

Without any legal support to establish her unavailability, Defendant has made it clear that it does not intend to produce Ms. Fields at trial. See Exhibit A. In addition, despite Plaintiff's requests, Defendant has failed to provide Ms. Fields' address blocking Plaintiff from issuing a subpoena on the eve of trial, contending that the trial subpoena power does not extend beyond 100 miles. This position is unveiling.

First, Plaintiff contends that a corporate defendant cannot claim an employee is unavailable for trial without providing a reason that meets specific legal standards. The Federal Rule of

5

Evidence 804(a) requires that a party must show they were unable, by process or other reasonable means, to procure the attendance of the employee. Fed. R. Civ. P. 804(a). Additionally, the case of *U.S. v. Jefferson*, 594 F.Supp.2d 655, 665 (E.D.Va., 2009) demonstrates that simply stating a witness is unavailable without sufficient supporting evidence (such as an affidavit or a reliable representation from legal counsel) may not satisfy the legal requirements to establish unavailability.

A witness's testimony at trial must be taken in open Court unless a federal rule or statute allows otherwise. Fed. R. Civ. P. 43(a). The rule vests discretion with the Court—not the parties—to "permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a); *see also* Fed. R. Evid. 611(a) ("The [C]ourt should exercise reasonable control over the mode and order of examining witnesses and presenting evidence to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."); *Toland v. Phoenix Ins. Co.*, No. 20-12556, 2021 WL 1201737, at *4 (11th Cir. 2021) ("The plain language of [Rule 43(a)] gives the district court' discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards.'" (*quoting Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018))).

Plaintiff further contends that Ms. Fields was at the relevant time and still is- upon knowledge and belief - a high-ranking employee that qualifies as a party or officer. Accordingly, for the purpose of Rule 45, Ms. Fields is a "party," and the 100-mile limit does not apply.

Federal Rule of Civil Procedure 45 provides a party with the subpoena power to secure a witness's attendance at trial. Relevant here the comments for 2013 Amendment states in relevant part:

> …for parties and party officers, Rule 45(c)(1)(B)(i) provides that compliance may be required anywhere in the state where the person

6

>resides, is employed, or regularly conducts business in person. When an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1).

Fed. R. Civ. P. 45.

Furthermore, to the extent Defendant claims that it has designated a corporate representative of the DLS department for trial and the testimony of Ms. Fields is duplicative – Plaintiff avidly disputes this contention. Upon information and belief, Ms. Tiffany Roth was not a manager at the DLS department during the time at issue and since she was not designated as a representative during the discovery phase of this case Plaintiff is unavailable to determine her adequate preparation on the relevant topics. Accordingly, Plaintiff claims that if Plaintiff is deprived of the opportunity to question Ms. Fields live before the jury, she will be prejudiced. *See In re Actos (Pioglitazone) Prod. Liab. Litig.*, No. 12-CV-00064, 2014 WL 107153 at *8 ("a trial, itself, is a dynamic, ever-evolving process and the use of contemporaneous transmission of live testimony better allows for the witness and counsel to be responsive to the inevitable, unexpected developments and shifts that always occur during trial."). Thus, Plaintiff argues that at the very least, remote testimony would better permit the jury to assess directly the credibility of these key witnesses by hearing first-hand the witnesses' testimony in response to the documents presented by Plaintiff. Without this contemporaneous transmission to provide live testimony, the jury would be left with less reliable deposition transcripts.

    a. **There are "appropriate safeguards" to permit remote testimony of Ms. Fields at trial.**

Rule 43(a) further requires a showing that there exist "appropriate safeguards" should the Court order remote testimony. Fed. R. Civ. P. 43(a). "'Appropriate safeguards exist where the opposing party's ability to conduct cross-examination is not impaired, the witness testifies under

7

oath in open court, and the witness's credibility can be assessed adequately.'" I*n re 3M Combat Arms Earplug Products Liability Litigation*, 2021 WL 6327374 at *5 *citing Warner v. Cate*, No. 1:12-cv-1146-LJO-MSJ (PC), 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015).

Plaintiff contends that for good cause and compelling circumstances and with the appropriate safeguards, the jury should have the benefit of live testimony of Ms. Fields at trial on which to base its related credibility determinations and ensure a complete factual record as possible. While she was not directly involved in the termination of Plaintiff, she was a manager in the DLS department during the time Plaintiff's Request for Leave was processed. Her primary responsibility was to supervise case managers at the DLS department to ensure adherence to appropriate laws, regulations and policies. this district has held that "a corporate representative should be considered a 'party' regardless of whether he/she is an officer of the company and should be produced even if he/she resides outside the 100-mile limit." *Williams v. Asplundh Tree Expert Co.*, 2006 WL 2598758 (M.D. Fla. 2006).

Ultimately, there is little cost or risk associated with granting the relief Plaintiff seeks here. The parties have conducted mainly this litigation remotely already. Consequently, Plaintiff respectfully requests that the Court authorize Ms. Fields' live trial testimony from a remote location within 100 miles of their residence.

**CERTIFICATE OF COMPLIANCE WITH S.D. R. 7.1**

Pursuant to Local Rule 7.1, counsel for Plaintiff certifies that before filing this Motion, counsel conferred with counsel for Defendant through e-mail regarding the relief sought in this Motion in a good faith effort to resolve the issues but have been unable to resolve before the filing of this Motion.

8

**CONCLUSION**

WHEREFORE, pursuant to the Fed. R. Civ. Pro., Plaintiff respectfully asks that this Honorable Court enters an Order: 1) compelling Defendant to produce Ms. Fields at trial, either voluntarily in person or at a remote location via contemporaneous video transmission consistent with Federal Rules of Civil Procedure 43 and 45; 2) ordering Defendant to identify which of its three corporate representatives will be designated to testify as to the factual basis of Defendant's response to Plaintiff's charge of discrimination and affirmative defenses at trial and 3) ordering Defendant to comply with its obligations under the Fed. R. Civ. P. to adequately prepare its designee to testify about information known or reasonably available to the organization without any other limitation.

Dated: June 19, 2024.    Respectfully submitted,

/s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Roberto J. Gonzalez, Esq.
Fla. Bar No. 119901
Email: rob@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.

## SERVICE LIST

Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Roberto J. Gonzalez, Esq.
Fla. Bar No. 119901
Email: rob@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

Attorneys for Plaintiff

Elizabeth M. Rodriguez, Esq.
Florida Bar No. 821690
Ena T. Diaz, Esq.
Florida Bar No. 0090999
One S.E. 3rd Avenue, Suite 2130
Miami, FL 33131
Telephone: (305) 808-2100
Facsimile: (305) 808-2101
E-mail: ediaz@fordharrison.com
E-mail: erodriguez@fordharrison.com
Dawn Siler-Nixon, Esq.
Florida Bar No. 993360
dnixon@fordharrison.com
Viktoryia Johnson, Esq.
Florida Bar No. 125545
vjohnson@fordharrison.com
401 East Jackson Street, Suite 2500
Tampa, Florida 33602
T (813) 261-7800 | F (813) 261-7899

Attorneys for Defendant


Method of Service: CM/ECF Notice.