UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-CV-20601-CMA

MILAINE MARRERO,

    Plaintiff,

v.

AMAZON.COM SERVICES LLC,

    Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REQUIRE REMOTE TESTIMONY AT TRIAL BY SHARRON FIELDS AND FOR DEFENDANT TO IDENTIFY DESIGNEE FOR TOPICS AT TRIAL AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, AMAZON.COM SERVICES LLC (hereinafter "Amazon"), by and through undersigned counsel, and pursuant to S.D. Local Rule 7.1, hereby submits its Response in Opposition to Plaintiff's Motion to Require Testimony at Trial by Sharron Fields and for Defendant to identify Designee for Topics at Trial. In support of its Response, Amazon respectfully states as follows:

**I.   PRELIMINARY STATEMENT**

    **a.  Amazon's corporate representative (DLS)**

In support of its Response, Amazon states that a corporate party is free to designate its corporate representatives for trial, and is not required to designate the same representative for use at trial as was designated under Fed. R. Civ. P. 30(b)(6). Ms. Fields was designated as Amazon's corporate representative for the DLS (Disability and Leave Services) team at Amazon in response to a Rule 30(b) deposition notice and not as Amazon's corporate representative for trial.

On the eve of trial, Plaintiff seeks to require Ms. Sharron Fields to testify in her "individual capacity." [ECF 102 at p. 2]. Neither party has identified Ms. Fields as a fact witness with first-hand knowledge relevant to either party's claims or defenses in discovery.

Plaintiff was made aware since March 27, 2024, that in preparation for an April 22, 2024, trial, Amazon identified alternative corporate representative witnesses who were available to testify on Amazon's behalf the week of April 22. [ECF 80]. Defendant's Exhibit List filed with the Court on May 20 with the parties' Joint Pre-Trial Stipulation listed Tiffany Roth as the designated corporate representative for DLS (Disability and Leave Services). [ECF 88-2] Plaintiff, at the same time, listed Ms. Fields on her Witness List and Amazon timely objected based on Fed. R. Civ. P. 43 and 45. [ECF 88-2]. During counsel's conferrals, Amazon reminded Plaintiff that Amazon had identified Ms. Tiffany Roth as Amazon's corporate representative at trial. [ECF 102-1].

For the first time on June 13, nearly one month after Amazon identified Ms. Roth as the designated corporate representative for DLS, and in response to an email dated June 12 initiated by Amazon's counsel, Plaintiff stated that she "expected" Ms. Sharron Fields "to take the stand on the 26th." [ECF 102-1]. It was Amazon that initiated the conferral – not Plaintiff, as she contends in her motion. [ECF 102-1]. Amazon asked Plaintiff if she intended to call any of Amazon's witnesses in her case so that Amazon could make them available. [ECF 102-1]

Plaintiff, once again, improperly asks the Court to ignore Fed. R. Civ. P. 45 governing this Court's subpoena power and use Fed. R. Civ. P. 43(a) to abrogate the limitations on this Court's subpoena power. In her Motion, Plaintiff asks the Court to compel the live testimony of Sharron Fields via videoconference at trial. The Court denied Plaintiff's motion for remote testimony when she made this request in April of this year as to two former Amazon employees, who resided

2

outside the geographical limitations of Rule 45. [ECF 67, 81]. After Plaintiff was informed that Sharron Fields lives and works in Las Vegas, Nevada and having knowledge of the Court's ruling on the same issue, Plaintiff still filed this Motion. Amazon requests that the Court enter an order re-affirming its previous ruling in this matter.

      **b. Amazon has designated two corporate representatives on its witness list to testify as to the two topics at issue in Plaintiff's Motion.**

With respect to Plaintiff's claim that Amazon "refused" to identify which of its three corporate representatives are going to testify "as to the factual basis of Defendant's response in opposition to Plaintiff's charge of discrimination and its affirmative defenses," [DE 102 at pp. 1-2], Amazon has already addressed Plaintiff's question in defense counsel's email dated June 18. The email stated as follows:

> Amazon's designated corporate representatives (DLS and HR) will address knowledge of the factual basis supporting Defendant's opposition to Plaintiff's administrative charge of discrimination and knowledge of the factual basis supporting Defendant's First, Second, Third, Fourth, Seventh, Eighth, Tenth, Fifteenth, Sixteenth, and Nineteenth Affirmative Defenses, to the extent these topics were covered during the corporate representative depositions.

[DE 102-1.] Amazon previously identified its DLS and HR corporate representatives as Tiffany Roth (DLS) and Toni Kribs (HR). [DE 88-2.].

During the parties' counsel's pre-trial conferrals, Plaintiff demanded that Amazon produce at trial a corporate representative with the knowledge on the following, expanded topics: "Knowledge of the facts and documents upon which Defendant relied upon to support its opposition of Plaintiff's claims during the FCHR proceedings," and "Knowledge of the facts and documents upon which Defendant relies to support its First, Second, Third, Fourth, Seventh and Eighth, Tenth, Fifteenth, Sixteenth, and Nineteenth Affirmative Defenses." [DE 102-1.]. These were the topics that Plaintiff initially proposed as topics before issuing the deposition notice. After

3

objection from predecessor counsel, Plaintiff agreed to revise these topics to those listed as #12 and #13 of the Rule 30(b)(6) deposition notice. [ECF 102-2].

For the reasons set forth more fully below, Amazon hereby requests that the Court deny Plaintiff's untimely Motion to Require Remote Testimony at Trial by Sharron Fields and for Defendant to Identify Designee for Topics at Trial, and award Amazon any other relief that it deems just and appropriate.

## MEMORANDUM OF LAW

### A. The Standard Governing the Issuance of Pretrial Subpoenas:

Fed. R. Civ. P. 45 governs the issuance of trial subpoenas. *See* Fed. R. Civ. P. 45. A Fed. R. Civ. P. 45 subpoena may command a person to attend a trial "only" as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is a party or a party's officer . . . .

Fed. R. Civ. P. 45(c). Pursuant to Fed. R. Civ. P. 45(d)(3)(A), the Court "***must***" quash or modify a Fed. R. Civ. P. 45 subpoena that "fails to allow a reasonable time to comply" or "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Plaintiff has intentionally not couched her Motion to Require Live Testimony as a request for the Court to subpoena Ms. Fields for trial because she knows that, pursuant to Fed. R. Civ. P. 45(d)(3)(A), such a last-minute pretrial subpoena would be subject to being quashed.

### B. Ms. Fields Is Outside of the Court's Subpoena Power and Cannot Be Compelled to Testify:

Ms. Fields—as Plaintiff knows—resides, is employed, and regularly transacts business in-person in the State of Nevada. Ms. Fields is outside of the Court's subpoena power. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii) (the court "must quash or modify a subpoena that . . . requires a person to

4

comply beyond the geographical limits specified in Rule 45(c)"). Rule 45(c)(1) provides that "[a] subpoena may command a person to attend a trial . . . only as follows . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . or . . . within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is a party or the party's officer." Put simply, "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party's officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment (emphasis added).

In *Legion Sys., LLC v. Valiant Glob. Def. Services, Inc.*, No. 8:20-CV-2321-KKM-MRM, 2023 WL 4686245 (M.D. Fla. July 21, 2023), the Middle District recently quashed a trial subpoena directed to the defendant's corporate representative, in part, because it "require[d] a person to attend trial who resides or works [outside] the scope of the geographical limits prescribed" by Fed. R. Civ. P. 45(c)(1):

> [Defendant] notes that none of the corporate representatives that [Plaintiff] deposed reside or regularly transact business in the State of Florida or within 100 miles of this Court. [Plaintiff] responds that the 100-mile rule is inapplicable because [Defendant] is a party and thus any of its officers can be compelled to testify. . . . [Plaintiff] presumably relies on *Conyers* [*v. Balboa Ins. Co.*, No. 8:12-CV-30-T-33EAJ, 2013 WL 2450108 (M.D. Fla. June 5, 2013)] which concluded that the 100-mile rule does not apply to a party or its officers. On this point, *Conyers* was correct when it was decided. Yet, since *Conyers*, Rule 45(c) has been amended in meaningful ways. The former version of Rule 45(c)(3)(A)(ii) provided, "[T]he issuing court must quash or modify a subpoena that . . . requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business." FED. R. CIV. P. 45(c)(3)(A)(ii) (effective December 1, 2007) (repealed December 1, 2013) (emphasis added). Now, Rule 45(d)(3)(A)(ii) provides, "[T]he court for the district where compliance is required must quash or modify a subpoena that ... requires a person to comply beyond the geographical limits specified in Rule 45(c)." FED. R. CIV. P. 45(d)(3)(A)(ii). In turn, Rule 45(c)(1)(A) states, "A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person . . ." *Id.* 45(c)(1)(A) (emphasis added). Importantly, Rule

5

45(c)(1)(A) omits the former language excepting a party's officers from the 100-mile rule.

Rule 45 does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles from their home or place of employment. Fed. R. Civ. P. 45; *Legion Sys., LLC*, 2023 WL 4686245, at *1-2. Plaintiff's request for the Court to require Ms. Fields' remote video testimony on a less-than-two-business-day notice would be a flagrant attempt to circumvent the geographical limits specified in Fed. R. Civ. P. 45(c).

Plaintiff ignores *Legion Sys., LLC v. Valiant Glob. Def. Services, Inc.*, No. 8:20-CV-2321-KKM-MRM, 2023 WL 4686245 (M.D. Fla. July 21, 2023) and instead relies on *Williams v. Asplundh Tree Expert Co.,* 2006 WL 2598758 (M.D. Fla. 2006), a case decided in the Middle District of Florida that *Chao v. Tyson Foods, Inc.,* 255 F.R.D. 556, 559 (N.D. Ala. Jan. 22, 2009) declined to follow. The court in *Williams* analyzed the issue using the Rule 45 language in effect at the time of the decision (2006). This language was repealed on December 1, 2013. *Legion Sys., LLC*, 2023 WL 4686245, at *1-2.

The same result holds regardless if Ms. Fields is "compelled" to testify in her individual capacity. The geographical limitations of Rule 45 apply irrespective of whether she testifies as a corporate representative or in her individual capacity. *See Atlas IP, LLC v. Bos. Sci. Corp.*, No. 14-20596-CIV, 2014 WL 11910629, at *6 (S.D. Fla. July 9, 2014) (Altonaga, J.) ("Under Rule 45 of the Federal Rules of Civil Procedure, the non-party witnesses are outside the Court's subpoena power because they are located over one hundred miles away and in a different state." (citing Fed. R. Civ. P. 45(c)(1))); *SOC-USA, LLC v. Office Depot, Inc.*, 2009 WL 2365863, at *4 (S.D. Fla. July 30, 2009) (noting that witnesses located outside of state and country "will be beyond the subpoena power" of the court).

Plaintiff was made aware that Sharron Fields resides and works in Las Vegas, Nevada. Plaintiff's request is improper because it fails to comply with Rule 45. Accordingly, Plaintiff's request should be denied.

### C. Availability of Remote Testimony Cannot Be Used to Evade the Limitations of Fed. R. Civ. P. 45:

This Court has issued an Order in this case agreeing with the line of cases that hold that a subpoena for live video testimony under Rule 43 is subject to the same geographic limits as a trial subpoena under Rule 45. [ECF 81 at 3]. It is improper for Plaintiff to attempt to relitigate the same issue upon which this Court has already ruled. Where a witness is not subject to a court's subpoena power, the availability of remote testimony (by virtue of Fed. R. Civ. P. 43 or otherwise) cannot be used to evade the limitations of Fed. R. Civ. P. 45. *Air Turbine Tech., Inc. v. Atlas Copco AB*, 217 F.R.D. 545, 546 (S.D. Fla. 2003) (Senior Judge Marra denied a motion to compel video conference testimony at trial where the employee witnesses were beyond the subpoena power of the court.); *Menez v. Unitrin Direct Prop. & Cas. Ins. Co.*, 622 F. Supp. 2d 1233, 1238 (M.D. Fla. 2007) (holding that defendant was not prejudiced by the quashing of a subpoena on a non-party who lived more than 100 miles from the court, where non-party's deposition was videotaped).

### D. Plaintiff Cannot Satisfy the Requirements of Fed. R. Civ. P. 43 with Respect to Ms. Fields:

Even assuming the Court did have subpoena power over Ms. Fields, contemporaneous transmission of testimony is still inappropriate under Fed. R. Civ. P. 43(a). Plaintiff has not and cannot show the requisite "good cause in compelling circumstances" needed to justify the use of live remote testimony.

### 1. Plaintiff fails to show good cause to justify the use of live remote testimony.

Whether Ms. Roth, Amazon's designated corporate representative, was a manager at the DLS department during the time at issue is inconsequential because there is no requirement that a corporate representative have first-hand knowledge of the matters at issue. *QBE Ins. Corp. v. Jorda Enterprises, Inc.* 277 F.R.D. 676, 688 (S.D. Fla. 2012). Both witnesses have knowledge with respect to the processes followed by DLS at Amazon to process Plaintiff's leave of absence request in their DLS managerial roles. The fact that Ms. Roth was not a DLS manager at the time Amazon granted Plaintiff's leave of absence request does not constitute "good cause" to compel the remote testimony of Sharron Fields at all, much less, on the eve of trial.

### 2. Amazon is not required to designate the 30(b)(6) corporate representative as its corporate representative at trial.

The reality is that a corporate party is free to substitute its corporate representatives for trial and is not required to designate the same representative for use at trial as was designated under Fed. R. Civ. P. 30(b)(6) for purposes of a discovery deposition.[1]

Fed. R. Civ. P. 30(b)(6) provides, in relevant part:

> *Notice or Subpoena Directed to an Organization*. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

---

[1] Plaintiff relies on *U.S. v. Jefferson*, 594 F.Supp.2d 655, 665 (E.D. Va. 2009) to claim that "simply stating a witness is unavailable without sufficient supporting evidence (such as an affidavit or a reliable representation from legal counsel) may not satisfy the legal requirements to establish unavailability." [DE 102 at p. 6.] However, *Jefferson* dealt with unavailability of a witness for purposes of Rule 15 of the Federal Rules of *Criminal* Procedure and, in any event, the court found that the witness was "unavailable" for purposes of Rule 15 as being located outside the court's subpoena power and did not require the witness to provide any "affidavit." *Id.* at 666.

Fed. R. Civ. P. 30(b)(6) intends to grant the corporation greater control by permitting it to designate a representative to testify on its behalf. *See QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 687-88 (S.D. Fla. 2012) (Goodman, J.). A corporation is not obligated to use the same witness as its representative at trial, as the testimony reflects the collective knowledge of the corporation rather than that of the individual deponent. *Id.* at 688.[2]

In *QBE,* Judge Goodman discussed various reasons for why a corporation may choose to produce one witness for a 30(b)(6) deposition and another for trial, including that the *"...the corporation might want to save the witness for trial." Id.* (emphasis added).

Simply put, Plaintiff is not entitled to choose which witnesses testify on Amazon's behalf at trial—and Plaintiff has not cited any authority to the contrary. The Court should deny Plaintiff's Motion to Require Live Testimony because there is no requirement that a corporate party must designate the same representative for use at trial as was designated under Fed. R. Civ. P. 30(b)(6) for a discovery deposition.

### a. Ms. Fields is not and was not identified as a fact witness.

Plaintiff's poorly veiled attempt to compel Ms. Fields to testify at trial by claiming that Plaintiff intends to question her in her individual capacity is unavailing. Neither party identified Ms. Fields as a fact witness with relevant knowledge in discovery, and Plaintiff's attempt to depose Ms. Fields for the first time in her individual capacity during trial would constitute an improper reopening of discovery long after discovery closed.

---

[2] *Coach, Inc. v. Visitors Flea Mkt., LLC*, No. 6:11-CV-1905-ORL-22, 2014 WL 2612036 (M.D. Fla. June 11, 2014) (denying motion to strike and allowing corporate entity to substitute its corporate representative for trial); *Harbin v. RoundPoint Mortg. Co*., No. 2:15-CV-01069-SLB, 2022 WL 1071527, at *4 (N.D. Ala. Apr. 8, 2022) (allowing the company to substitute corporate representative at trial), *vacated and remanded on other grounds*, No. 22-11565, 2023 WL 4196947 (11th Cir. June 27, 2023); *Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 CIV. 9931 WHP, 2014 WL 503959 (S.D.N.Y. Jan. 29, 2014) (denying a motion to preclude the testimony of substitute corporate representatives disclosed in the joint pre-trial order where the discovery deposition corporate representative was unavailable in the legal sense).

Ms. Fields does not have any relevant factual testimony to provide, as the Plaintiff is aware, having deposed her in her capacity as Amazon's designated corporate representative for the Rule 30(b)(6) deposition on October 27, 2023. Further, having Ms. Fields and Ms. Roth testify at trial is duplicative and potentially confusing to the jury. For example, both Ms. Fields and Ms. Roth have knowledge of Amazon's Leaves and Accommodations Policy that was applicable to Plaintiff's employment, which is one of the topics listed in the Rule 30(b)(6) notice. This should not surprise Plaintiff as she took the deposition and would be cognizant of the topics she covered during the deposition that she noticed.

Amazon respectfully requests to deny Plaintiff's Motion to Require Live Testimony also for this reason.

### E. Ms. Fields Cannot Be Compelled to Testify Due to Lack of Adequate Notice:

There is no fixed time limit for the service of subpoenas under Fed. R. Civ. P. 45. However, courts have interpreted that a party desiring to subpoena a witness must give a reasonable time for compliance—which is presumptively **fourteen (14) days**. *See, e.g.*, *In re Rule 45 Subpoena to Fidelity Nat'l Information Services, Inc.*, 2009 WL 4899399, *2 (M.D. Fla. Dec. 11, 2009) ("Rule 45(c)(3)(A)(i) provides specifically that the subpoena shall be quashed if 'it fails to allow a reasonable time to comply.' Although 'reasonable time' is not explicitly defined in this section of Rule 45, other courts have looked to the language of Rule 45(c)(2)(B) to find fourteen days from the date of service is presumptively reasonable." (citing *McClendon v. TelOhio Credit Union, Inc.*, No. 2:05–CV–1160, 2006 WL 2380601 (S.D. Ohio Aug. 14, 2006))); *Lauderhill Mall Inv., LLC v. Arch Specialty Ins. Co.*, No. 14-CV-21003-BB/AOV, 2014 WL 11906637, at *1 (S.D. Fla. July 29, 2014) (Valle, J.) (same). This Court may quash a subpoena that fails to allow a reasonable time for compliance. Fed. R. Civ. P. 45(d)(3)(A)(i). *See Inglis v. Wells Fargo Bank N.A.*, No. 2:14-CV-

677-FTM-29CM, 2016 WL 4193858, at *2 (M.D. Fla. Aug. 9, 2016) ("[T]he federal rules require that a subpoena be quashed when it fails to allow reasonable time to comply." (citing Fed. R. Civ. P. 45(d)(3)(A))); *State Farm Mut. Automobile Ins. Co. v. Physicians Injury Care Ctr., Inc.*, No. 6:06-CV-1757-ORL-GJK, 2009 WL 10674772, at *1 (M.D. Fla. Jan. 9, 2009) ("[O]n a timely motion, the issuing court must quash or modify a subpoena that fails to allow a reasonable time to comply."); *Auto-Owners Ins. Co.*, 231 F.R.D.at 428 ("Defendants have a personal interest in receiving adequate notice of depositions." (citing *Central Bank of Tampa v. Transamerica Insurance Group*, 128 F.R.D. 285, 285 (M.D. Fla. 1989) (granting motion to quash and for a protective order as to a non-compliant subpoena directed to non-party))); *Mendenhall v. Blackmun*, No. CIV.A. 09-00298-WS-N, 2010 WL 3272946, at *1 (S.D. Ala. Aug. 18, 2010) (quashing a Fed. R. Civ. P. 45 subpoena where plaintiffs failed to allow the witness sufficient time for compliance).

The trial term in this matter is set to begin on June 24, 2024. Even if Ms. Fields had been served with a trial subpoena this week, Ms. Fields would have been given three business days for compliance. Such an amount of time is entirely inadequate. *See, e.g.*, *Auto-Owners Ins. Co.*, 231 F.R.D. at 428 (notice of a deposition of a third party that was set for 8 days after the date of the subpoena was inadequate as to both the third party and the defendants); *Antech Diagnostics, Inc. v. Posner*, No. 17-80185-CV, 2017 WL 6948590, at *1 (S.D. Fla. Nov. 14, 2017) (Middlebrooks, J.) (7 days prior to the trial period and 9 days prior to the actual trial date was not a reasonable time for the third-party witness's compliance with a trial subpoena). Although Plaintiff has not technically attempted to issue Ms. Fields a trial subpoena, the effect of asking the Court to "compel" Ms. Fields' trial testimony less than two business days before the start of the trial is the same. For these reasons alone, the Court should deny Plaintiff's Motion to Require Remote Testimony.

Amazon would be prejudiced if the Court compelled Sharron Fields on the eve of trial, as this would not allow it sufficient time to adequately prepare her for trial and could result in an unfair disadvantage. Ms. Roth was identified as the designated DLS corporate representative since May 20, thereby, allowing both parties sufficient time to prepare for trial. The Court should deny the relief requested in Plaintiff's motion.

**F.    Amazon Already Informed Plaintiff Which Corporate Representatives Will Testify as to the Factual Basis of Amazon's Response in Opposition to Plaintiff's Charge of Discrimination and Its Affirmative Defenses:**

Amazon identified the corporate representatives it selected for trial in response to Plaintiff's email- there is nothing to compel. [ECF 102-1] The case law cited by Plaintiff in her motion all relate to compelling testimony for a Rule 30(b)(6) deposition. The Rule 30(b)(6) depositions took place on October 27, 2023 and we are now scheduled for trial.

Plaintiff requests that the Court compel Amazon to identify which of its three corporate representatives are going to testify "as to the factual basis of Defendant's response in opposition to Plaintiff's charge of discrimination and its affirmative defenses," and claims that, "despite Plaintiff's requests, as of the date of this Motion, Defendant has failed to identify which of the three trial corporate representatives will be designated to testify on the topics related to the factual basis supporting Defendant's opposition to Plaintiff's administrative charge of discrimination and the Defendant's affirmative defenses at trial." [DE 102 at pp. 1-3]. That is simply incorrect. Amazon identified the corporate representatives and their scope of testimony consistent with the 30(b)(6) topics listed in the deposition notice. [ECF 102-2] The motion conveys an underlying impression that the party is seeking more information than what Amazon is obligated to provide. Amazon is not required to reveal its work product, which includes our trial strategy.

Amazon addressed Plaintiff's question in defense counsel's June 18, 2024, email: "Amazon's designated corporate representatives (DLS and HR) will address knowledge of the factual basis supporting Defendant's opposition to Plaintiff's administrative charge of discrimination and knowledge of the factual basis supporting Defendant's First, Second, Third, Fourth, Seventh, Eighth, Tenth, Fifteenth, Sixteenth, and Nineteenth Affirmative Defenses, to the extent these topics were covered during the corporate representative depositions.[3]" [DE 102-1.] Amazon previously identified its DLS and HR corporate representatives as Tiffany Roth, Toni Kribs, and Robert Bateau. [DE 88-2.] Accordingly, the Court should deny this issue in Plaintiff's Motion to Require Live Testimony as moot.[4]

## Conclusion

For the reasons set forth above, Defendant Amazon.Com Services LLC respectfully request that this Court enter an order denying Plaintiff's Motion to Require Live Testimony, and awarding the appropriate sanctions and fees.

---

[3] Plaintiff is not entitled to expand the topics for a corporate representative's testimony at trial. *See, e.g.*, *Mc Asset Recovery, LLC v. Castex Energy, Inc.*, No. 4:07-CV-076-Y, 2013 WL 12171724, at *1 (N.D. Tex. Jan. 7, 2013) (striking all topics in the trial subpoena that fell outside the scope of what was given to the defendants' corporate designee during the defendants' prior Fed. R. Civ. P. 30(b)(6) deposition: "[T]hose subpoenas are MODIFIED such that all topics falling outside the scope of what was given at Defendants' prior Rule 30(b)(6) deposition are STRICKEN. . . . All topics falling within the scope of prior Rule 30(b)(6) deposition testimony—that is, topics 1 through 42—may remain part of the subpoenas and are fair game at trial (subject to other applicable evidentiary and procedural rules)."); *Mangiaracina v. BNSF Ry. Co.*, No. 16-CV-05270-JST, 2021 WL 11701467, at *1 (N.D. Cal. Nov. 2, 2021) ("On October 7, 2021, Plaintiffs served a trial subpoena on Defendant BNSF calling for the appearance of an unnamed corporate designee witness on 13 topics of 'knowledge.' Ten of the topics were the subject of prior 30(b)(6) depositions; three topics were not. . . . The Court . . . agrees . . . with those courts that have limited enforcement of corporate designee subpoenas to topics already covered in a prior Rule 30(b)(6) deposition. Here, discovery closed in 2018, more than three years ago, but Plaintiffs served their corporate designee subpoena on the eve of trial. To require BNSF to prepare and produce a witness or witnesses now on entirely new topics that could have been the subject of pretrial discovery would 'subject[ ] [BNSF] to undue burden.'" (citation omitted)).

[4] Plaintiff relies on Fed. R. Civ. P. 30(b)(6) to argue that Amazon is required to produce corporate representatives at trial. However, Plaintiff cannot rely on Fed. R. Civ. P. 30(b)(6) to compel trial testimony, *see Dopson-Troutt v. Novartis Pharm. Corp.*, 295 F.R.D. 536, 539–40 (M.D. Fla. 2013) (holding that the plaintiffs could not properly compel trial testimony through Fed. R. Civ. P. 30(b)(6)-type designation). Additionally, Plaintiff has not cited any case law that would allow her to compel corporate representatives to testify on expanded or new topics at trial.

Dated this 21st day of June, 2024.

        Respectfully submitted,

        **FORDHARRISON LLP**

        */s/ Viktoryia Johnson*
        Ena T. Diaz
        Florida Bar No.: 0090999
        ediaz@fordharrison.com
        Elizabeth M. Rodriguez
        Florida Bar No. 821690
        erodriguez@fordharrison.com
        One S.E. 3rd Avenue, Suite 2130
        Miami, Florida 33131
        Telephone: (305) 808-2113
        Facsimile: (305) 808-2101

        Dawn Siler-Nixon
        Florida Bar No. 993360
        dnixon@fordharrison.com
        Viktoryia Johnson
        Florida Bar No. 125545
        vjohnson@fordharrison.com
        401 East Jackson Street, Suite 2500
        Tampa, Florida 33602
        T (813) 261-7800 | F (813) 261-7899

        ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Nathaly Saavedra
nathaly@peregonza.com
Juan J. Perez
juan@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
5201 Blue Lagoon Drive, Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
Facsimile: (786) 650-0200
***Counsel for Plaintiff***

/s/ Viktoryia Johnson
Attorney

WSACTIVELLP:113386648.1